**United States District Court**
For the Northern District of California

1

2

3

4

5                             UNITED STATES DISTRICT COURT

6                           NORTHERN DISTRICT OF CALIFORNIA

7

8   MARTHA MACIEL, *et al.*,                        No. C-12-3030 EMC

9              Plaintiffs,

10         v.                                        **ORDER STAYING PROCEEDINGS**

11  GMAC MORTGAGE, LLC,

12             Defendant.
    _____/

13

14

15         The Court is in receipt of Defendant GMAC Mortgage, LLC's Notice of Bankruptcy and

16  Suggestion of Automatic Stay.  It being apparent that, as of May 14, 2012, Defendant GMAC

17  Mortgage, LLC is currently undergoing Chapter 11 bankruptcy proceedings in the United States

18  Bankruptcy Court for the Southern District of New York, with a case number of 12-12020, this

19  Court is bound to stay proceedings pursuant to 11 U.S.C. § 362(a), which provides for an automatic

20  stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the

21  debtor [in bankruptcy] that was or could have been commenced before the commencement of the

22  [bankruptcy proceeding] . . . ."

23         In the bankruptcy court's July 13, 2012 supplemental order, of which this Court takes

24  judicial notice as a public record pursuant to Federal Rule of Evidence 201, the bankruptcy court

25  carved out certain exceptions to the automatic stay under 11 U.S.C. § 362(a).  *See* Final

26  Supplemental Order, *In re Residential Capital, LLC*, No. 12-12020-mg (Bankr. S.D.N.Y. July 13,

27  2012).  One such exception provides that "a borrower . . . shall be entitled to assert and prosecute

28  direct claims . . . relating exclusively to the property that is the subject of the loan owned or serviced

**United States District Court**
For the Northern District of California

1    by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any

2    foreclosure . . . or eviction proceeding . . . ." *Id.* ¶ 14(a).  Regarding interpretation of this provision,

3    "[a]ny disputes regarding the extent, application and/or effect of the automatic stay under this Order

4    shall be heard and determined in the Debtors' jointly administered bankruptcy cases pending in the

5    United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 in

6    accordance with the Case Management Order entered in the Debtors' cases [Docket No. 141] and

7    such other and further orders as may be entered by the Court."  *Id.* ¶ 23.

8          Here, Plaintiffs' complaint, filed on June 12, 2012, does not allege any facts indicating that it

9    could not have been initiated prior to the commencement of Defendant's bankruptcy proceedings on

10   May 14, 2012.  *See* Compl., Docket No. 1.  Nor does Plaintiffs' complaint, as currently pled,

11   expressly state a claim to defend, unwind, enjoin, or preclude any foreclosure or eviction

12   proceeding.  *See id.*  Rather, Plaintiffs dispute title and ownership of their home on a variety of

13   bases, including allegedly invalid securities transactions, failures to properly disclose required

14   information to Plaintiffs, and placing Plaintiffs in a loan they could not afford.  *See id.*  Their

15   complaint does mention foreclosure insofar as it argues, in the first cause of action for declaratory

16   relief, that "Defendant did not have the right to foreclose on the Property," that "Defendant does not

17   have the right to foreclose on the Property," and that "Defendant's actions in the processing,

18   handling and attempted foreclosure of this loan has contained numerous violations of State and

19   Federal laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable

20   disadvantage to Defendant."  *Id.* at 12-13.  Plaintiffs have not alleged that Defendant has foreclosed

21   on the property or that there is any impending or anticipated foreclosure action that they seek to

22   enjoin.  It is not clear whether Plaintiffs seek to preclude any foreclosure.

23          If Plaintiffs seek to argue an interpretation of the exception that would permit them to

24   proceed with this action, they must obtain such determination from the United States Bankruptcy

25   Court for the Southern District of New York pursuant to the procedures provided in that court's

26   order establishing the exception.

27   ///

28   ///

2

1    Thus, the Court hereby **STAYS** all proceedings and **VACATES** all hearing dates in this

2  action, including the hearing on Defendant's motion to dismiss currently scheduled for December

3  11, 2012, pending termination of the automatic stay under 11 U.S.C. § 362(a) or a determination by

4  the United States District Court for the Southern District of New York that Plaintiffs may proceed

5  with this action notwithstanding the automatic stay.

6

7    IT IS SO ORDERED.

8

9  Dated:  December 4, 2012

10

11                                        _____
                                          EDWARD M. CHEN
                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3