UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTHA MACIEL, *et al.*,                                    No. C-12-3030 EMC

        Plaintiffs,

        v.                                                                   **ORDER STAYING PROCEEDINGS**

GMAC MORTGAGE, LLC,

        Defendant.
_____/

        The Court is in receipt of Defendant GMAC Mortgage, LLC's Notice of Bankruptcy and Suggestion of Automatic Stay.  It being apparent that, as of May 14, 2012, Defendant GMAC Mortgage, LLC is currently undergoing Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York, with a case number of 12-12020, this Court is bound to stay proceedings pursuant to 11 U.S.C. § 362(a), which provides for an automatic stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor [in bankruptcy] that was or could have been commenced before the commencement of the [bankruptcy proceeding] . . . ."

        In the bankruptcy court's July 13, 2012 supplemental order, of which this Court takes judicial notice as a public record pursuant to Federal Rule of Evidence 201, the bankruptcy court carved out certain exceptions to the automatic stay under 11 U.S.C. § 362(a).  *See* Final Supplemental Order, *In re Residential Capital, LLC*, No. 12-12020-mg (Bankr. S.D.N.Y. July 13, 2012).  One such exception provides that "a borrower . . . shall be entitled to assert and prosecute direct claims . . . relating exclusively to the property that is the subject of the loan owned or serviced

by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure . . . or eviction proceeding . . . ." *Id.* ¶ 14(a). Regarding interpretation of this provision, "[a]ny disputes regarding the extent, application and/or effect of the automatic stay under this Order shall be heard and determined in the Debtors' jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 in accordance with the Case Management Order entered in the Debtors' cases [Docket No. 141] and such other and further orders as may be entered by the Court." *Id.* ¶ 23.

Here, Plaintiffs' complaint, filed on June 12, 2012, does not allege any facts indicating that it could not have been initiated prior to the commencement of Defendant's bankruptcy proceedings on May 14, 2012. *See* Compl., Docket No. 1. Nor does Plaintiffs' complaint, as currently pled, expressly state a claim to defend, unwind, enjoin, or preclude any foreclosure or eviction proceeding. *See id.* Rather, Plaintiffs dispute title and ownership of their home on a variety of bases, including allegedly invalid securities transactions, failures to properly disclose required information to Plaintiffs, and placing Plaintiffs in a loan they could not afford. *See id.* Their complaint does mention foreclosure insofar as it argues, in the first cause of action for declaratory relief, that "Defendant did not have the right to foreclose on the Property," that "Defendant does not have the right to foreclose on the Property," and that "Defendant's actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable disadvantage to Defendant." *Id.* at 12-13. Plaintiffs have not alleged that Defendant has foreclosed on the property or that there is any impending or anticipated foreclosure action that they seek to enjoin. It is not clear whether Plaintiffs seek to preclude any foreclosure.

If Plaintiffs seek to argue an interpretation of the exception that would permit them to proceed with this action, they must obtain such determination from the United States Bankruptcy Court for the Southern District of New York pursuant to the procedures provided in that court's order establishing the exception.

///

///

2

Thus, the Court hereby **STAYS** all proceedings and **VACATES** all hearing dates in this action, including the hearing on Defendant's motion to dismiss currently scheduled for December 11, 2012, pending termination of the automatic stay under 11 U.S.C. § 362(a) or a determination by the United States District Court for the Southern District of New York that Plaintiffs may proceed with this action notwithstanding the automatic stay.

IT IS SO ORDERED.

Dated: December 4, 2012

_____
EDWARD M. CHEN
United States District Judge